**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 17-cv-80262-DMM**

**ELECTRONIC COMMUNICATION TECHNOLOGIES, LLC,**

Plaintiff,

v.

**BTO SPORTS, LLC**

Defendant.
_____________________________________________/

**PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT'S OUT OF STATE COUNSEL SHOULD NOT HAVE TO BE ADMITTED TO THE FLORIDA BAR OR COMPLY WITH THE SPECIAL RULES GOVERNING THE ADMISSION AND PRACTICE OF ATTORNEYS**

Plaintiff, Electronic Communication Technologies, LLC ("ECT"), by and through undersigned counsel, hereby files this Motion for an Order to Show Cause Why Defendant's Out of State Counsel Should Not Have to Be Admitted to The Florida Bar or Comply with the Special Rules Governing the Admission and Practice of Attorneys, and states as follows:

1. Plaintiff's counsel prepared a motion for clerk's default and was prepared to file it on or about May 19, 2017. *See* Return of Service dated April 25, 2017 [DE 10].

2. Then, for the first time, Defendant's lead counsel, Theresa Dawson of Fish & Richardson, who is not admitted to the Florida bar, contacted Plaintiff's counsel to request a thirty (30) day extension of time to respond to the Complaint.

3. S.D. Fla. Spec. R. Gov. Adm. & Practice of Att'nys 4 provides:

> (2) Lawyers who are not members of the bar of this Court shall not be permitted to engage in general practice in this District. For purposes of this rule, more than three appearances within a 365–day period in separate representations before the Courts of this District shall be presumed to be a "general practice." Upon written motion and for good cause shown the Court may waive or modify this prohibition.


ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

4. This is the fifth (5th) matter in which Defendant's purported lead counsel, Theresa Dawson, who is not admitted to the Florida bar, represents separate Defendants within the past three-hundred sixty five (365) days. For example in at least three (3) other currently pending matters she has been admitted *pro hac vice*. *See, e.g., Elec. Commc'n Techs., LLC v. Minted, LLC*, No. 9:16-cv-81669-KAM ("Minted)"; *Elec. Commc'n Techs., LLC v. The Pep Boys*, No. 9:16-cv-81676-KAM ("Pep Boys"); and, *Elec. Commc'n Techs., LLC v. Lakeshore Equip. Co.*, No. 9:16-cv-81672-KAM (Lakeshore Equip. Co. ("Lakeshore"). Ms. Dawson has also represented to Plaintiff's that she and he co-counsel represent a fourth Defendant in *Elec. Commc'n Techs., v. Gemvara, Inc.*, Case No. 17-cv-80385 ("Gemvara"). However, despite that representation neither Ms. Dawson nor her co-counsel have filed motions for *pro hac vice* admission or appearance in that case. Nor has Ms. Dawson, nor her co-counsel Neil McNabnay, Esq. nor. Richard Bonilla, Esq. informed the Court in the Gemvara matter of the other matters in which, although not being admitted to the Florida Bar, they have represented defendants in this district within the past three-hundred-sixty-five (365) days.

5. For example, according to PACER, and not including this case and the Gemvara matter, within the past three-hundred-sixty-five (365) days, Ms. Dawson's out of state co-counsel Neil McNabnay, Esq. has appeared as lead counsel of record in a least five (5) matters within this district in. *See, e.g., Shipping and Transit, LLC v. Vera Bradley, Inc.*, 0:16-cv-61076-WJZ (filed May, 20 2016); *Shipping and Transit, LLC v. Incuboom, Inc.*, 9:16-cv-80796-DMM (filed May 20, 2016); *Elec. Commc'n Techs., LLC v. Minted, LLC*, No. 9:16-cv-81669-KAM (filed Sept. 30, 2016); *Elec. Commc'n Techs., LLC v. The Pep Boys*, No. 9:16-cv-81676-KAM (filed Sept. 30, 2016); and, *Elec. Commc'n Techs., LLC v. Lakeshore Equip. Co.*, No. 9:16-cv-81672-KAM (filed Sept. 30, 2016).

6. According to PACER, Mr. McNabnay has also appeared *pro hac vice* in the four (4) additional matters: *Hawk Technology Systems, LLC v. First-Citizens Bank & Trust Company*, 0:14-cv-62716-DPG, (filed Dec. 1, 2014 closed May 12, 2015); *ArrivalStar S.A. et al v. Genco Distribution System, Inc., d/b/a Genco ATC et al*, 1:11-cv-21445-UU (filed Apr. 25, 2011 closed July 27, 2011); *ArrivalStar SA et al v. Dollar General Corporation*, 9:14-cv-81437-DMM (filed Nov. 18, 2014 closed May 5, 2015); and, *ArrivalStar SA et al v. Oriental Trading Company, Inc.*, 9:15-cv-80216-KAM (filed Feb. 19, 2015 closed Dec. 4, 2015).

7. According to PACER and not including this case and the Gemvara matter, Ms. Dawson's co-counsel Ricardo Bonilla, Esq. has appeared in four (4) additional matters within the past three-hundred-sixty-five (365) days., namely: *Shipping and Transit, LLC v. Vera Bradley, Inc.* (filed May 20, 2016 closed Aug 8, 2016); *Shipping and Transit, LLC v. Incuboom, Inc.,* 9:16-cv-80796-DMM (filed May 20, 2016 closed Aug, 9, 2016); *Triple7Vaping.Com, LLC et al v. Shipping & Transit LLC*, 9:16-cv-80855-DMM (filed May 31, 2016 closed Apr. 28, 2017); and, *ArrivalStar SA et al v. Dollar General Corporation*, 9:14-cv-81437-DMM (filed Nov. 18, 2015 closed May 12, 2015).

8. Notably, within the past year, Defendant's counsel at Fish & Richardson has made *pro hac vice* appearances on behalf of other defendants in other matters. Then, despite representing to the Court that it represented those defendants it subsequently repeatedly represented to Plaintiff's counsel that it was not retained, did not represent one or more of the defendants in those matters, and was not authorized to speak on their behalf or engage in matters regarding discovery and scheduling regarding the defendant for which it appeared *pro hac vice* and also refused to file a motion to withdraw.


ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

9. Similar conduct has happened with the other attorneys at Defendant's out of state counsel's firm who are not admitted to the Florida Bar.

10. Defendant failed to timely answer on or before May 16, 2017.

11. Notably, on May 17, 2017, Plaintiff's counsel and Defendant's lead counsel Theresa Dawson engaged in a 26(f) conference in the *Elec. Commc'n Techs., LLC v. Gemvara, Inc.*, Case No. 17-cv-80385, but at that time Defendant's purported lead counsel did not inform the undersigned that it also represented the Defendant, BTO Sports, Inc. in this case or that it would be seeking an extension of time even though it was at that time in default.[1]

12. After Plaintiff served discovery in the Gemvara matter on the Defendant's presumed local counsel which has appeared in the Gemvara matter, Defendant's presumed local counsel claimed that the discovery service was premature despite being served after the initial Rule 26(f) conference.[2]

13. Similar conduct has occurred in other cases where Defendant's out of state counsel at Fish & Richardson has represented to Plaintiff that it represents other defendants. In those other matters Defendant's lead counsel has conducted Rule 26(f) conferences and then claimed that discovery was served prematurely, because despite appearing in those cases it did not actually represent the respective defendants.

---

[1] It should be noted that in the past where Defendant's counsel represented Defendants in parallel matters Plaintiff's counsel has attempt to coordinate the schedules in those matters for everyone's benefit, but Defendant's counsel appears to have done what it can to disrupt that coordination.

[2] Defendant Gemvara also requested a thirty day extension to respond to the Complaint in that matter, which Plaintiff did not oppose. Plaintiff is serving a copy on this motion on local counsel for the Defendant in the Gemvara matter by separate copy.



ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

14. Plaintiff and its counsel have no objection to Defendant's counsel's requests for extensions of time to respond to the Complaint nor for reasonable extensions regarding discovery, provided similar courtesies are also extended if and when requested to Plaintiff and/or its counsel. However, Plaintiff does not understand why: 1) Defendant's counsel is not required to be admitted to the Florida bar; 2) their representation of multiple clients in this state does not constitute the engagement of "general practice" within the State of Florida; and, 3) on one hand they can represent to the Court that they represent a client, and on the other hand tell Plaintiffs that they do not.

15. Consequently, Plaintiff requests an order to show cause why Defendant's counsel at Fish & Richardson should not be required to comply with the laws of the Florida Bar and pass the bar exam before appearing in this and other matters, or alternatively that a default be entered in this case.

16. A Proposed Order is attached as **Exhibit A**.

17. The relief requested is for good cause and will not result in undue delay.

**Certificate of Counsel**

Pursuant to Local Rule 7.1(a)(3), Plaintiff's counsel contacted counsel for Defendant from Fish & Richardson regarding the subject of this Motion, and counsel for Defendant was unresponsive regarding the relief requested or further addressing Defendant's default.

WHEREFORE, Electronic Communication Technologies, LLC, hereby respectfully requests that this Court issue an order to Show Cause Why Defendant's Out of State Counsel Should Not Have to Be Admitted to the Florida Bar or Otherwise Comply With the Special Rules Governing the Admission and Practice of Attorneys of this Court.

[Signature page follows . . . ]


ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

DATED: May 22, 2017

Respectfully submitted,

**ASSOULINE & BERLOWE, P.A.**
1801 N. Military Trail, Suite 160
Boca Raton, Florida 33431
Telephone: 561-361-6566
Facsimile: 561-361-6466

By: s/Peter A. Koziol
Peter A. Koziol (FBN 030446)
pak@assoulineberlowe.com
Eric N. Assouline, Esq. (FBN 106143)
ena@assoulineberlowe.com
Greg M. Popowitz (FBN 070313)
gmp@assoulineberlowe.com

**Attorneys for Plaintiff,**
**Electronic Communication Technologies, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the methods indicated below this day May 22, 2017 on all counsel or parties of record on the service list indicated below:

By: s/ *Peter A. Koziol*
Peter A. Koziol

**SERVICE LIST**
***Electronic Communication Technologies, LLC v. BTO SPORTS, LLC***
**CASE NO.: 17-cv-80262-DMM**
**United States District Court, Southern District of Florida**

**EMAIL**
Eleanor T. Barnett, Esq.
ebarnett@hellerwaldman.com
liteservice@hellerwaldman.com
Heller Waldman, P.L.
3250 Mary Street, Suite 102
Coconut Grove, Florida 33133
Telephone: 305.448.4144
Facsimile: 305.448.4155

Neil J. McNabnay, Esq.
njm@fr.com
Ricardo J. Bonilla, Esq.
rjb@fr.com
Theresa M. Dawson, Esq.
tdawson@fr.com
Fish & Richardson, P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: 214.747.5070
Facsimile: 214.747.2091

***Attorneys for Defendant,***
***BTO SPORTS, LLC***