IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:17-CV-80262-KAM

Judge Kenneth A. Marra

ELECTRONIC COMMUNICATION
TECHNOLOGIES, LLC,

   Plaintiff,

     v.

BTO SPORTS, INC.,

   Defendant.

PATENT CASE

JURY TRIAL DEMANDED

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**

    Defendant, BTO SPORTS, INC., by and through undersigned counsel, hereby files this Response in Opposition to the Motion to Withdraw as Counsel for Plaintiff ELECTRONIC COMMUNICATION TECHNOLOGIES, LLC, filed by its counsel Assouline & Berlowe, P.A. [D.E. #37], stating as follows.

    1.    On October 30, counsel for Plaintiff filed a motion with the Court seeking to withdraw as counsel for Plaintiff ("Motion to Withdraw").

    2.    As is evident from the face of the Motion to Withdraw, Plaintiff's counsel failed to comply with Local rule 7.1(a)(3) in that counsel did not meet and confer with Defendant's counsel to determine whether Defendant would agree to the relief requested.

    3.    Specifically, Local Rule 7.1 (a)(3) provides that "[p]rior to filing any motion in a civil case . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort

to confer (orally or in writing), **with all parties or non-parties who may be affected by the relief sought in the motion** in a good faith effort to resolve by agreement the issues to be raised in the motion."

4. Failure to comply with this rule can result in the Court denying the motion and imposing appropriate sanctions, including attorneys' fees. *See e.g. Sierra Equity Grp. v. White Oak Equity Partners, LLC*, 672 F. Supp. 2d 1369, 1370 (S.D. Fla. 2009) (denying motion) (citing *Williams v. Ocean Title Co.*, 2007 U.S. Dist. LEXIS 48175, at *3 (S.D. Fla. 2007) (explaining failure to comply with Local Rule 7.1 "is sufficient cause for the denial of the motion as well as imposition of an appropriate sanction," including reasonable attorney's fees)).

5. Defendant currently opposes the relief sought in the Motion to Withdraw because it will leave Plaintiff unrepresented by any counsel. "It is well-settled that a corporate entity must appear and litigate through counsel, and cannot proceed *pro se*." *Potter v. Altman*, 647 Fed. Appx. 974, 976 (11th Cir. 2016) (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel.").

WHEREFORE, Defendant respectfully requests that the Court deny the Motion to Withdraw, at least until such time as Plaintiff has obtained new counsel, and grant Defendant its attorneys' fees and costs in responding to the Motion to Withdraw, along with all other relief this Court deems just and proper.

Respectfully submitted,

By: /s/ Eleanor T. Barnett
Eleanor T. Barnett, Esq.
Florida Bar No. 0355630
Heller Waldman P.L.
3250 Mary Street, Suite 102
Coconut Grove, FL  33133
Phone: 305-448-4144
Fax:  305-448-4155
ebarnett@hellerwaldman.com;
liteservice@hellerwaldman.com;
ncuriel@hellerwaldman.com

Neil J. McNabnay
njm@fr.com
Texas Bar No. 24002583
Ricardo J. Bonilla
rjb@fr.com
Texas Bar No. 24082704
Theresa M. Dawson
tdawson@fr.com
Texas Bar No. 24065128

FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**COUNSEL FOR DEFENDANT
BTO SPORTS, INC.**

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that a true and correct copy has been electronically filed on November 7, 2017 using the CM/ECF filing system, which automatically send email notifications to all counsel of record and which will permit viewing and downloading of same from the CM/ECF system.

/s/Eleanor T. Barnett
Eleanor T. Barnett, Esq.